# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** ) | |
| ) | **Chapter 7** |
| **CHERRY BROS., LLC.,** ) | **Case No. 19-11644-amc** |
| ) | |
| **Debtor.** ) | |
| _____) | |
| ) | |
| **Gary F. Seitz, as Chapter 7 Trustee of** ) | |
| **the Estate of Cherry Bros., LLC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Adv. Proc. No.: 20-** |
| ) | |
| **Nationwide Mutual Insurance, CO.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### COMPLAINT TO AVOID TRANSFERS
### PURSUANT TO 11 U.S.C. §§ 547, 548 AND 502 AND TO RECOVER
### PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550

Gary F. Seitz, as Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the Estate of Cherry Bros., LLC. (the "Debtor"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against Nationwide Mutual Insurance, Co. (the "Defendant"), and in support thereof alleges upon information and belief as follows:

### NATURE OF THE CASE

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the Debtor's bankruptcy proceeding pursuant to 11 U.S.C. §§ 547 and 550. Subject to proof, Plaintiff also seeks to avoid and recover pursuant to 11 U.S.C. § 548 all transfers that may have been fraudulent conveyances. To the extent that Defendant has filed a proof of claim or has a claim

listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor's chapter 7 estate (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by Plaintiff herein as further stated below.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court"), Case No. 19-11644-AMC, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548 and 550 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. This adversary proceeding is a "core" proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

5. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

6. Plaintiff was appointed as Chapter 7 Trustee and, in his capacity thereof, is authorized, among other things, to investigate, prosecute and resolve preference actions.

7. The Debtor is a Pennsylvania corporation with a registered address of 707 North Valley Forge Road, Suite 102 Lansdale, PA 19446.

8. Upon information and belief, at all relevant times, Defendant is a corporation licensed to do business in Pennsylvania with an address of 1 Nationwide Plaza, Columbus, OH 43215.

## BACKGROUND

9. On March 18, 2019 (the "Petition Date"), a Chapter 11 Voluntary Petition was filed by the Debtor.

10. On June 12, 2019, the case was converted to a Chapter 7.

11. Gary F. Seitz was thereafter appointed as Chapter 7 Trustee.

12. Prior to the Petition Date, the Debtor maintained business relationships with various business entities, through which the Debtor regularly purchased, sold, received, and/or delivered goods and services.

13. The Debtor regularly purchased goods from various entities including vendors, creditors, suppliers and distributors.

14. During the ninety (90) days before the Petition Date (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities.

15. Upon information and belief, the Debtor and Defendant conducted business with one another through and including the Petition Date.

16. Plaintiff has completed an analysis of all readily available information of the Debtor and is seeking to avoid all the transfers of an interest of the Debtor's property made by the Debtor to Defendant within the Preference Period.

17. Plaintiff has determined that the Debtor made transfers of an interest of the Debtor's property to or for the benefit of Defendant during the Preference Period through payments aggregating to an amount not less than $24,104.11 (the "Transfer" or "Transfers").

18. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

19. Plaintiff acknowledges that some of the Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which Defendant bears the burden of proof under Section 547(g).

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

20. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

21. The Transfer was made to Defendant by the Debtor.

22. Each Transfer constituted a transfer of an interest in property of the Debtor as identified *supra*.

23. During the Preference Period, Defendant was a creditor at the time of each Transfer by virtue of supplying goods and/or services to the Debtor for which the Debtor was obligated to pay following delivery of such goods and/or services.

24. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to Defendant.

25. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before such Transfers were made, as asserted by Defendant, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtor.

26. Each Transfer was made while the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

27. Each Transfer was made during the Preference Period.

28. As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules and the proofs of claim that have been received to date, the Debtor's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

29. In accordance with the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

30. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

31. Subject to proof, Plaintiff pleads in the alternative that to the extent one or more of the Transfers were not on account of an antecedent debt or were a prepayment for goods and/or services subsequently received, the Debtor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

   a. The Debtor was insolvent on the date that the Transfer(s) were made or became insolvent as a result of the Transfer(s); or

   b. The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor who made or for whose benefit the Transfer(s) were made was an unreasonably small capital; or

   c. The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

32. In accordance with the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

33. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

34. Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548. The Transfers and any Potentially Fraudulent Transfers are collectively referred to herein as "All Avoided Transfers."

35. Defendant was the initial transferee of All Avoided Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit All Avoided Transfer(s) were made.

36. Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant All Avoided Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

37. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

38. Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

39. Defendant is the transferee of All Avoided Transfer(s) avoidable under 11 U.S.C. §§ 547 and 548.

40. Defendant has not paid the amount of All Avoided Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

41. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtor's chapter 7 estate or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfer(s), plus interest thereon and costs.

42. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtor's chapter 7 estate or Plaintiff previously allowed by the Debtor or by

Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfer(s).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant:

As to Counts I through IV, that the Court enter a judgment against Defendant:

A. That All Avoided Transfer(s) avoidable under 11 U.S.C. §§ 547 and 548 in the total aggregate amount of not less than $24,104.11 be avoided;

B. That All Avoided Transfer(s), to the extent that they are avoided pursuant to 11 U.S.C. §§ 547 and 548, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C. That judgment be entered against Defendant in the amount of $24,104.11 (the "Judgment");

D. Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by Defendant and/or its assignee until Defendant satisfies the Judgment;

E. Disallowing, in accordance with 11 U.S.C. § 502(j), any Claims held by Defendant and/or its assignee until Defendant satisfies the Judgment;

F. Awarding pre-judgment interest at the maximum legal rate running from the date of the filing of the Complaint to the date of Judgment herein;

G. Awarding post-judgment interest at the maximum legal rate running from the date of Judgment herein until the date the judgment is paid in full, plus costs;

  H.  Requiring Defendant to pay forthwith the Judgment amount awarded in favor of

    Plaintiff; and

  I.  Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: February 18, 2020    GELLERT SCALI BUSENKELL & BROWN, LLC

            By: /s/ Holly S. Miller
              Gary F. Seitz, Esquire
              Holly S. Miller, Esquire
              8 Penn Center
              16 28 John F. Kennedy Blvd., Suite1901
              Philadelphia, PA 19103
              Telephone: (215) 238-0010
              Fax: (215) 238-0016
              E-mail: gseitz@gsbblaw.com
                  hsmiller@gsbblaw.com

            *Counsel for Chapter 7 Trustee*