# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>CHERRY BROS., LLC.,<br><br>Debtor. | Case No. 19-11644-amc<br><br>Chapter 7 |
| GARY F. SEITZ, as Chapter 7 Trustee of the Estate of Cherry Bros., LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONWIDE MUTUAL INSURANCE CO.,<br><br>Defendant. | Adv. Proc. No. 20-00088-amc |

**ANSWER OF DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY**

Defendant Nationwide Mutual Insurance Company ("Defendant"), respectfully answers the complaint filed by Plaintiff Gary F. Seitz (the "Trustee"), as Chapter 7 Trustee of the Estate of Cherry Bros., LLC (the "Debtor") as follows:

**NATURE OF THE CASE**

1.     The allegations contained in paragraph 1 of the complaint appear to be rhetorical in nature or call for a legal conclusion such that no response by Defendant is required.  To the extent any allegations contained in paragraph 1 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

CO\6429833.4

## JURISDICTION AND VENUE

2. The allegations contained in paragraph 2 of the complaint appear to be rhetorical in nature or call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 2 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

3. The allegations contained in paragraph 3 of the complaint appear to be rhetorical in nature or call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 3 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

4. The allegations contained in paragraph 4 of the complaint appear to be rhetorical in nature or call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 4 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same. Notwithstanding, Defendant consents to the entry of final orders or judgments by this Court.

5. The allegations contained in paragraph 5 of the complaint appear to be rhetorical in nature or call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 5 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

## THE PARTIES

6. The allegations contained in paragraph 6 of the complaint appear to be rhetorical in nature or call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 6 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

7. The allegations contained in paragraph 7 of the complaint appear to be rhetorical in nature or call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 7 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

8. Defendant admits the allegations in paragraph 8 of the complaint.

## BACKGROUND

9. Defendant admits the allegations in paragraph 9 of the complaint.

10. Defendant admits the allegations in paragraph 10 of the complaint.

11. Defendant admits the allegations in paragraph 11 of the complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint and accordingly denies same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint and accordingly denies same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint and accordingly denies same.

15. Defendant admits that it sold insurance to the Debtor prior to the Petition Date. To the extent paragraph 15 of the complaint makes any other factual assertions, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and accordingly denies same.

16. The allegations contained in paragraph 16 of the complaint appear to be rhetorical in nature or call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 16 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

17. Defendant admits that it received payments of $64.00 and $21,290.01 from the Debtor in the ordinary course of the parties' business relationship from December 18, 2018 through March 17, 2019. Defendant also issued a refund check for $531.89 to Debtor, which Debtor cashed on December 23, 2018. To the extent paragraph 17 of the complaint makes any other factual assertions, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and accordingly denies same.

18. The allegations contained in paragraph 18 of the complaint appear to be rhetorical in nature or call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 18 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

19. The allegations contained in paragraph 19 of the complaint appear to be rhetorical in nature or call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 19 of the complaint require a response, Defendant

lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

20. Paragraph 20 of the complaint states that it incorporates all preceding paragraphs. Defendant hereby incorporates all preceding paragraphs in response thereto. To the extent a further response is required, Defendant denies same.

21. Defendant admits that it received payments of $64.00 and $21,290.01 from the Debtor in the ordinary course of the parties' business relationship from December 18, 2018 through March 17, 2019. Defendant also issued a refund check for $531.89 to Debtor, which Debtor cashed on December 23, 2018. To the extent paragraph 21 of the complaint makes any other factual assertions, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and accordingly denies same.

22. The allegations contained in paragraph 22 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 22 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

23. The allegations contained in paragraph 23 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 23 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

24. The allegations contained in paragraph 24 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 24 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

25. The allegations contained in paragraph 25 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 25 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

26. The allegations contained in paragraph 26 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 26 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

27. Defendant admits that it received payments of $64.00 and $21,290.01 from the Debtor in the ordinary course of the parties' business relationship from December 18, 2018 through March 17, 2019. Defendant also issued a refund check for $531.89 to Debtor, which Debtor cashed on December 23, 2018. To the extent paragraph 27 of the complaint makes any other factual assertions, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and accordingly denies same.

28. The allegations contained in paragraph 28 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations

contained in paragraph 28 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

29. The allegations contained in paragraph 29 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 29 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

## COUNT II
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

30. Paragraph 30 of the complaint states that it incorporates all preceding paragraphs. Defendant hereby incorporates all preceding paragraphs in response thereto. To the extent a further response is required, Defendant denies same.

31. Defendant denies that Plaintiff did not receive reasonably equivalent value in exchange for any payment received by Defendant. As to the remaining allegations in paragraph 31, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and accordingly denies same.

32. The allegations contained in paragraph 32 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 32 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

CO\6429833.4

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 502(d) and (j))

33. Paragraph 33 of the complaint states that it incorporates all preceding paragraphs. Defendant hereby incorporates all preceding paragraphs in response thereto. To the extent a further response is required, Defendant denies same.

34. The allegations contained in paragraph 34 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 34 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

35. The allegations contained in paragraph 35 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 35 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

36. The allegations contained in paragraph 36 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 36 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 550)

37. Paragraph 37 of the complaint states that it incorporates all preceding paragraphs. Defendant hereby incorporates all preceding paragraphs in response thereto. To the extent a further response is required, Defendant denies same.

38. The allegations contained in paragraph 38 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 38 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

39. The allegations contained in paragraph 39 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 39 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same.

40. Defendant denies that it is liable for the payment of any amount or turnover of any property under Section 550 of the Bankruptcy Code and all other allegations in paragraph 40 of the complaint.

41. The allegations contained in paragraph 41 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 41 of the complaint require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the same. Further, to the extent Defendant has a claim against the Debtor's bankruptcy estate, Defendant expressly reserves the right to file and/or amend any such claim and in no way waives any rights with respect to such claim.

42. The allegations contained in paragraph 42 of the complaint appear to call for a legal conclusion such that no response by Defendant is required. To the extent any allegations contained in paragraph 42 of the complaint require a response, Defendant lacks knowledge or

information sufficient to form a belief as to the truth of those allegations and accordingly denies the same. Further, to the extent Defendant has a claim against the Debtor's bankruptcy estate, Defendant expressly reserves the right to file and/or amend any such claim and in no way waives any rights with respect to such claim.

WHEREFORE, Defendant denies each and every allegation of the Complaint not expressly admitted, further denies that the Plaintiff is entitled to relief from Defendant, and respectfully requests the Court to enter judgment in favor of Defendant and against the Plaintiff on each claim for relief set forth in the complaint and all other just and proper relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses to the complaint as follows:

### FIRST DEFENSE

1. The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2. The Trustee did not use reasonable due diligence in the circumstances of the case or take into account a party's known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c).

### THIRD DEFENSE

3. With regard to any alleged preferential transfers, such transfers were intended by Debtor and Defendant to be a contemporaneous exchange for value given to Debtor and in fact were.

CO\6429833.4

**FOURTH DEFENSE**

4.  With regard to any alleged preferential transfers, such transfers were payments (a) made in the ordinary course of business or financial affairs of the Debtor and Defendant; or (b) made according to ordinary business terms.

**FIFTH DEFENSE**

5.  With regard to any alleged preferential transfers, Defendant gave new value to or for the benefit of the Debtor after the transfers alleged in the complaint, which value was (a) not secured by an otherwise unavoidable security interest; and (b) on account of which the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

**SIXTH DEFENSE**

6.  With regard to any alleged preferential transfers, Defendant has a complete defense to any preferential transfer pursuant to 11 U.S.C. section 547(c)(9).

**SEVENTH DEFENSE**

7.  With regard to any alleged preferential transfers, said transfers were not for or on account of an antecedent debt owed by the Debtor before such transfers were made.

**EIGHTH DEFENSE**

8.  With regard to any alleged fraudulent transfers, Debtor received said transfers for value and in good faith.

**NINTH DEFENSE**

9.  With regard to any alleged fraudulent transfers, Debtor received reasonably equivalent value for any such transfers.

**TENTH DEFENSE**

10.  Defendant reserves the right to assert other defenses as may be available or become available during the course of these proceedings.  Defendant further reserves the right to

CO\6429833.4

plead further in this matter, including but not limited to amendment to this answer, counterclaims, crossclaims, or third-party complaints.

Respectfully submitted,

**ICE MILLER LLP**

*/s/ Frederick A. Tecce*
Frederick A. Tecce
1735 Market Street, Suite 3450
Philadelphia, PA 19103
Phone:  215-377-5031
Fax:  215-377-5032
fred.tecee@icemiller.com

Daniel M. Anderson (pro hac vice forthcoming)
John C. Cannizzaro (pro hac vice forthcoming)
250 West Street, Suite 700
Columbus, OH 43201
Phone:  614-462-2700
Fax:  614-224-3126
daniel.anderson@icemiller.com
john.cannizzaro@icemiller.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing answer was served on May 18, 2020 by ELECTRONIC FILING through the court's electronic filing system upon:

Holly Smith Miller (hsmiller@gsbblaw.com)

and by FIRST CLASS MAIL, POSTAGE PREPAID upon:

N/A.

                                      */s/ Frederick A. Tecce*
                                      Frederick A. Tecce